OPINION
Defendant-appellant Robert Durrstein filed his notice of appeal in this case on January 22, 2001. Although his notice of appeal is not specific with respect to the judgment or order from which the appeal is taken, our review of the record discloses that the only judgment or order from which this appeal can be deemed to have been timely filed is the judgment and decree of divorce entered on December 22, 2000. January 21, 2001 having been a Sunday, the filing of the appeal on Monday, January 22, 2001 was timely.
Mr. Durrstein, who is proceeding pro se on appeal, has not favored us with a statement of his assignments of error, as required by App.R. 16(A)(3). Although Mr. Durrstein alleges that the proceedings in the trial court were tainted by perjury and a lack of good faith, this is not portrayed in the record. The record reflects that both parties appeared in open court, represented by counsel, and manifested their agreement to the provisions of the divorce decree that the trial court subsequently entered.
Mr. Durrstein now appears to take issue with the sufficiency of his legal representation in the trial court. However, the record reflects the following colloquy at the hearing at which the terms of the divorce decree were agreed to:
 THE COURT: Are each of you satisfied with the services of your attorney in this case?
THE DEFENDANT [Mr. Durrstein]: Very much so, sir.
In reviewing an order of a trial court on appeal, an appellate court is limited to the record made up in the trial court. We have reviewed that record, and we are satisfied that no error is portrayed in the record.
Mr. Durrstein also takes issue with a domestic violence protection order that he would like to have overturned. From the record, it is apparent that that order was entered in a different case, and is not within the scope of this appeal.
The appellant having failed to portray error in the record, the judgment of the trial court is Affirmed.
BROGAN and GRADY, JJ., concur.